Case 3:24-cv-00280   Document 23   Filed on 09/04/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LUDOVICO TOMASSO, | § § § | |
| Plaintiff. | § § | |
| V. | § § | CIVIL ACTION NO. 3:24-cv-00280 |
| BONNIE PEDDLE, *et al.*, | § § § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before me is Plaintiff's motion for default judgment against Defendants 9371893 Canada Inc. and Forza 5 Energie Inc. *See* Dkt. 22. The motion is procedurally deficient in several respects and must be denied.

Before I explain the procedural deficiencies of Plaintiff's motion, it is important to review "default language":

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Plaintiff's first error is having failed to request a clerk's entry of default. *See* Fed. R. Civ. P. 55(a). Plaintiff may apply for default judgment only *after* default has been entered. *See N.Y. Life Ins. Co.*, 84 F.3d at 141. Because Plaintiff has not requested and the clerk has not entered default for any defendant, Plaintiff's motion for default judgment is premature.

Even if Plaintiff's motion were not premature, it would still be improper to consider it, because Plaintiff has not served his motion on any defendant. The certificate of service that Plaintiff attached to his motion for default judgment states: "I certify that on September 3, 2025, a true and correct copy of the foregoing document was served to all known counsel of record pursuant to the Federal Rules of Civil Procedure." Dkt. 22 at 6. But, other than Plaintiff's counsel, there are no counsel of record in this case. Defendant Bonnie Peddle is proceeding pro se, and the other defendants have not appeared. *See* Dkt. 19. Thus, Plaintiff's certificate of service, which specifies no mode of service, is meaningless. *See* Fed. R. Civ. P. 5(b) (setting forth the means of service).[1]

These are the primary reasons that Plaintiff's motion for default judgment should be denied, but there are other problems, too. For example, Plaintiff seems to be operating from the assumption that service on 9371893 Canada Inc. and Forza 5 Energie Inc. was effective because Peddle accepted service on behalf of these entities. *See* Dkt. 22 at 2. Yet, Plaintiff has provided no affidavit of facts establishing why Peddle was authorized to accept service on behalf of these entities. Nor has Plaintiff pointed this court to any law suggesting that service on Peddle constituted service on these corporate defendants. Plaintiff must establish these basic facts before default can be entered or default judgment considered.

---

[1] "No service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). But a party is not "in default" until the clerk has made an entry of default. Therefore, a defendant must be served with a plaintiff's request for entry of clerk's default. *See* Fed. R. Civ. P. 5(a)(1). Moreover, in this district, "[m]otions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)," notwithstanding Rule 5(a)(2). S.D. Tex. LR5.5. Thus, this court will not consider a motion for default judgment until all defendants have been served (and plaintiffs have proved service) via certified mail (return receipt requested). *See GS Holistic, LLC v. Upferno Inc.*, No. 3:23-cv-00249, 2025 WL 1665182, at *1 (S.D. Tex. June 12, 2025) (refusing to "consider Plaintiff's motion [for default judgment] until Plaintiff provides proof that service of its motion was effectuated by certified mail, return receipt requested" (quotation omitted)).

## CONCLUSION

For the reasons explained above, I recommend that Plaintiff's motion for default judgment (Dkt. 22) be denied without prejudice to refiling. This court should refuse to consider any motion for default judgment until (1) Plaintiff has requested a clerk's entry of default; (2) Plaintiff has served his request for entry of clerk's default on all defendants; (3) the clerk has entered default; (4) Plaintiff has served all defendants with a motion for default judgment by certified mail (return receipt requested); and (5) Plaintiff has provided proof of the same.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 4th day of September 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE