United States District Court
Southern District of Texas
**ENTERED**
September 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| LUDOVICO TOMASSO, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00280 |
| | § | |
| BONNIE PEDDLE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION**

On September 26, 2024, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 5. Judge Edison filed a memorandum and recommendation on August 31, 2026, recommending that B.E.L.L. Marine, LLC's motion for substitution (Dkt. 58) be denied and this case be dismissed without prejudice for want of subject matter jurisdiction. Dkt. 65.

On September 14, 2026, B.E.L.L. and plaintiff Ludovico Tomasso ("Objectors") filed objections to the memorandum and recommendation. Dkt. 66. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The objectors contend that Supplemental Rule C(6) "provides that any person who asserts a right of possession or any ownership interest in the property may assert a right to defend the vessel against a maritime lien." Dkt. 66 at 4. But Rule C(6) concerns only who may "file a verified statement of right or interest" once an in rem proceeding is instituted; Rule C(6) does not govern who may institute a declaratory judgment action to declare a maritime lien invalid. *Cf. Cianbro Corp. v. George H. Dean, Inc.*, 560 F. Supp. 2d 68, 69 (D. Me. 2008) (questioning whether a bailee "is the proper party to pursue a declaratory judgment action to extinguish the liens" asserted against vessels in its possession).

The court will assume without deciding that B.E.L.L. validly granted Tomasso a bailment in the *Southern Bell*.[1] The bailment agreement merely gives Tomasso the right to possess and reside on the *Southern Bell*. Dkt. 62-1. The bailment agreement does not transfer any ownership rights to Tomasso; rather, the bailment agreement makes clear that B.E.L.L. retains title to and ownership of the *Southern Bell*. In *Cianbro*, a bailee instituted an action to extinguish maritime liens against two vessels in its possession. The bailee had "warranted to the third-party owners that it would return the vessels free and clear of any liens." 560 F.

---

[1] Objectors' argument about Texas Business Organizations Code § 10.252 is misplaced. Dkt. 66 at 5. That the bailment "does not require the approval of the members or owners of the entity" says nothing about whether one *manager* can act unilaterally. *Id.* (quoting Tex. Bus. Orgs. Code § 10.252).

Supp. 2d at 69. Even in that circumstance—with a warranty to return the vessels free of liens—the court questioned whether the bailee was the proper party to pursue such a declaratory judgment action.[2] Tomasso has made no such assurances here. To the contrary, the bailment agreement exempts Tomasso from liability to B.E.L.L. "for any damage or loss of the [*Southern Bell*] while in [Tomasso's] custody and care." Dkt. 62-1 at 2. The liens at issue do not encumber Tomasso's right to possession and use of the *Southern Bell*. The *Southern Bell* is not arrested; no one has threatened to evict Tomasso; no one is demanding that Tomasso satisfy the liens. Because the liens do not affect Tomasso's right to live rent free aboard the *Southern Bell*, Tomasso lacks standing to bring a declaratory judgment action to extinguish liens against a vessel that he does not own.[3]

Objectors' contention that B.E.L.L. was part of the Canadian divorce partition of the assets is not supported by the record. The Canadian divorce court's mere awareness of B.E.L.L.'s existence does not mean that the Canadian divorce court allocated ownership interests or managerial rights. Under Texas law, an LLC membership interest is personal property that can be community property, but the right to participate in management is *not* community property. Tex. Bus. Orgs.

---

[2] The court never reached the question because the vessels' owners moved to intervene. *See Cianbro Corp. v. George H. Dean, Inc.*, No. CIV. 2:08-CV-128-H, 2009 WL 485094, at *1 (D. Me. Feb. 25, 2009).

[3] There is some Second Circuit language suggesting that a "person asserting a right of possession" may consent in lieu of seizure of the res. *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174, 183 (2d Cir. 2018) (quoting *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 153–54 (2d Cir. 2016)). Because the liens do not injure Tomasso's possessory interest, the court need not decide whether his bailment could otherwise permit him to consent in lieu of the vessel's seizure.

Code § 101.106(a). Moreover, a member has no interest in specific LLC property. *Id.* § 101.106(b). Thus, "[a]n assignment of a membership interest in a limited liability company does not entitle the assignee to participate in the management and affairs of the company, become a member of the company, or exercise any rights of a member of the company." *Kohannim v. Katoli*, 440 S.W.3d 798, 812 (Tex. App.—El Paso 2013, pet. denied), *disapproved of on other grounds by Ritchie v. Rupe*, 443 S.W.3d 856 (Tex. 2014). If the express assignment of an LLC membership interest does not automatically transfer management authority under Texas law, then it is difficult to fathom how a Canadian divorce court's mere valuation/allocation of an LLC's asset—without mentioning the LLC in the judgment, much less mentioning the LLC's management—could *sub silentio* transfer Peddle's membership interest in B.E.L.L. or terminate Peddle's managerial authority.

Objectors' contention that the Texas Secretary of State's FAQs show that Peddle is no longer a manager is similarly misplaced. The FAQs state that "management information maintained by the secretary of state is not necessarily current." *See* Management and Ownership FAQs, Texas Secretary of State, https://www.sos.state.tx.us/corp/managementinfofaqs.shtml (last visited Sep. 15, 2026). Moreover, a Texas Franchise Tax Public Information Report does not conclusively establish that a person is not a manager. *See Bigham v. Se. Tex. Env't, LLC*, 458 S.W.3d 650, 661 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Absent a contrary governing document, a manager continues until expiration of a term,

resignation, removal, or death. Dkt. 65 at 4 (citing Tex. Bus. Orgs. Code § 101.303). The record contains no evidence of any of those events.

Objectors' complaint that Peddle's alleged breach of duty makes it impossible for the liens to be adjudicated is similarly misplaced. Judge Edison noted the "false premise" in objectors' motion. Dkt. 65 at 5 n.4. Judge Edison rejected the argument "that because Tomasso cannot unilaterally cause B.E.L.L. to prosecute this federal action, he has no means to address B.E.L.L.'s dysfunction." *Id.* Judge Edison noted that "Texas law supplies mechanisms for resolving an LLC's deadlock or dysfunction," including "declaratory and injunctive relief, appointment of a rehabilitative receiver, judicial winding up, or a derivative proceeding, to name a few." *Id.* Objectors fail to address why they have not or could not pursue these remedies. The court agrees with Judge Edison: "A federal admiralty action . . . is not a substitute for a proceeding to resolve the internal affairs of a Texas LLC." *Id.*

As for objectors' contention that "Tomasso has the right to motion to have B.E.L.L. added as a plaintiff to this action," Dkt. 66 at 10, the authority on which Judge Edison relied in concluding that such a motion is outside the ordinary course of business—*LT Character, LLC v. Mort*, No. 4:24-cv-01053, 2026 WL 266455 (N.D. Tex. Feb. 2, 2026)—is directly applicable. Dkt. 65 at 6. The court is not persuaded that the slight difference in the type of lawsuit brought in *LT Character* has any bearing on the ultimate holding: hiring counsel to pursue or defend litigation is not ordinary-course business.

Finally, objectors object to Judge Edison's recommendation that Tomasso has not established a derivative action, but objectors fail to address Judge Edison's conclusion that "[a]s to Canada, Forza 5, and Krantz, Tomasso must satisfy the requirements of [Texas Business Organizations Code] §§ 101.452–101.460," and "Tomasso admittedly has not satisfied these requirements and therefore cannot institute a derivative action." Dkt. 65 at 7. The court agrees with Judge Edison. Tomasso must adhere to the statutory requirements for instituting a derivative action against the lienholders in this case and he has not done so.

For all these reasons, the court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court. It is therefore ordered that:

(1) Judge Edison's memorandum and recommendation (Dkt. 65) is approved and adopted in its entirety as the holding of the court;

(2) B.E.L.L.'s motion to substitute (Dkt. 58) is denied; and

(3) This case is dismissed without prejudice for want of subject matter jurisdiction.

SIGNED on Galveston Island this 17th day of September, 2026.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE